IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SIDNEY D. WEST,

                        Plaintiff,                            No.  03:10-CV-743-HZ

          v.                                         OPINION & ORDER

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                       Defendant.


David B. Lowry
Attorney at Law
16200 SW Pacific Hwy, Suite H-233
Portland, OR 97224

        Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Brett Edward Eckelberg
Social Security Administration


1 - OPINION & ORDER

Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

  Attorneys for Defendant

HERNANDEZ, District Judge:

  Plaintiff Sydney West brings this action for judicial review of the Commissioner's final

decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the

Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social

Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. §

1382(c)(3)). For the following reasons, I affirm the Commissioner's decision.

## BACKGROUND

  Born in 1959 (Tr. 29), West has a high school degree (Id. ) and reports past work as a

service clerk, sign installer, and haud carrier (masonry work). Tr. 143. West initially alleged

disability since July 15, 2005, due to hepatitis C, lung cancer, post-traumatic stress disorder

("PTSD"), chronic low back syndrome, agoraphobia, and antisocial disorder. Tr. 142.

  The Commissioner denied West's applications initially and upon reconsideration (Tr. 64-

67), and an Administrative Law Judge ("ALJ") held a hearing on April 21, 2009. Tr. 33-63. The

ALJ found West not disabled on July 29, 2009. Tr. 19-31. The Appeals Council declined

review of the matter on June 5, 2010, making the ALJ's decision the final decision of the

Commissioner. Tr. 1-5.

## SEQUENTIAL DISABILITY ANALYSIS

  A claimant is disabled if unable to "engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found West's herniated disc and radiculopathy at L2-3, hepatitis C, anxiety disorder, personality disorder, and alcohol abuse "severe" at step two in the sequential proceedings.  Tr. 22.  At step three, the ALJ found that these impairments met listing 12.09(D) for Substance Addiction Disorder.  Listing 12.09 is met if the required level of severity is met for any of the listed disorders in Listing 12.09.[1]   West had the required level of severity for his personality disorder.  Tr. 23.  The ALJ found West credible regarding the severity of his alcohol and drug problems.  Tr. 24.  The ALJ also found that even if West stopped the substance abuse, his impairments would remain severe.  Id.  However, if West were to stop the substance abuse, the ALJ found that the impairments, singly or in combination, would not meet or equal the requirements of any listed impairment.  Tr. 25.

The ALJ assessed West's RFC assuming no substance abuse and concluded that he could perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the additional restrictions of:  avoiding dust, fumes, and gases; routine tasks with short and simple instructions; superficial contact with coworkers; minimal cooperative coordination with other people; and no interaction with the general public .  Tr. 26.  The ALJ found that this RFC did not allow West to perform his past relevant work (Tr. 29), but found that West could perform work in the national economy at step five as a hand packager or small products assembler.  Tr. 30.  The ALJ therefore found West not disabled under the Commissioner's regulations.  Tr. 31.

///

---

[1] "Substance addiction disorders:  Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system.  The required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied. . . .D. Personality disorders.  Evaluate under 12.08."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.09.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record. 42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance." Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d

715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the

Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); *see*

*also* Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the

evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; *see* also

Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not

assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp.,

332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)

(citing same).

**DISCUSSION**

West asserts that the ALJ erroneously assessed (1) his credibility; (2) step three findings

for Listings 1.04 Disorders of the Spine, 12.06 Anxiety Disorders, and 12.08 Personality

Disorders; (3) his back impairment; (4) his RFC, and (5) step five findings.

///

**I.      Credibility**

West asserts that the ALJ erroneously evaluated his testimony in relation to his RFC.

Pl.'s Br. 21-26.

**A.      Credibility Standards**

The ALJ must consider all symptoms and pain which "can be reasonably accepted as

consistent with the objective medical evidence, and other evidence."  20 C.F.R. § 404.1529(a).

Once a claimant shows an underlying impairment which may "reasonably be expected to

produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide

"clear and convincing" reasons for finding a claimant not credible.  Lingenfelter, 504 F.3d at

1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing

court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v.

Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th

Cir. 1991)(en banc)).  The ALJ may consider objective medical evidence and the claimant's

treatment history, as well as the claimant's daily activities, work record, and observations of

physicians and third parties with personal knowledge of the claimant's functional limitations.

Smolen, 80 F.3d at 1284.  The ALJ may additionally employ ordinary techniques of credibility

evaluation, such as weighing inconsistent statements regarding symptoms by the claimant.  Id.

The ALJ may not, however, make a negative credibility finding "solely because" the claimant's

symptom testimony "is not substantiated affirmatively by objective medical evidence."  Robbins,

466 F.3d at 883; see also Bunnell, 947 F.2d at 346-47.

///

///

**B.      Analysis**

The ALJ recited West's written and hearing testimony in detail (Tr. 22-23, 27-28), and discussed factors pertaining to West's credibility at several instances in the analysis accompanying his RFC assessment.  Tr. 27-28.  This analysis cited the medical evidence, West's failure to follow medical advice, and his activity level.  Id.  West challenges the ALJ's findings pertaining to each of these.  Pl.'s Br. 21-26.

**1.      Medical Evidence**

The ALJ found that the medical evidence did not support West's allegations concerning the intensity, persistence, and limiting effects of his symptoms to the extent that the allegations were inconsistent with the RFC.  Tr. 27.  Concerning his mental limitations, the ALJ found that West would have moderate difficulties in concentration, persistence, and pace if he were to stop the substance abuse.  Tr. 25.  The ALJ relied on a mental RFC completed by Dr. Dorothy Anderson in September 2006.  Tr. 383-400.  Dr. Anderson had concluded that West could work if he stopped the substance abuse.  Tr. 395.  "Claimant [has] a personality disorder and long history of work despite daily use of alcohol.  He has had ongoing social problems at work, but clearly can sustain a job despite his long term alcohol dependence and daily use.  His recent increase in use of drugs has further limited him, without use of drugs . . . simpler tasks are not a problem.  No difficulties in pace or productivity on simple tasks."  Tr. 399.

West challenges this finding with his Global Assessment of Functioning ("GAF") score from Dr. John Givi.  Dr. Givi gave West a GAF score of 45 in August 2006, one month prior to Dr. Anderson's report.  West argues that Dr. Anderson's mental RFC is inconsistent with Dr. Givi's GAF score.  The GAF score reflects the level of functioning for the current period. Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV"), 4th ed., 33.  A score of 45

indicates serious symptoms or any serious impairment in social, occupational, or school

functioning. Id. at 34. Dr. Anderson found that West had marked difficulties in maintaining

social functioning and moderate difficulties in concentration, persistence, or pace—both of

which are reflected in the GAF score of 45. I do not agree that the Dr. Anderson's diagnosis is

inconsistent with West's GAF score of 45.

With respect to West's physical limitations, the ALJ relied on Dr. Nathan Magaret's

report from August 2006, which was more than a year after the alleged onset of disability. Dr.

Magaret examined West and concluded that he could stand and walk six hours in an eight-hour

work day, could sit without limitation, could lift or carry 50 pounds occasionally and 25 pounds

frequently, and had no postural or manipulative limitations. Tr. 381. West does not contradict

Dr. Magaret's report with any other medical records.

## 2.      Failure to Follow Medical Treatment

An ALJ may cite a claimant's failure to seek treatment in finding a claimant not credible.

Smolen, 80 F.3d at 1284. The ALJ found West not credible because he failed to follow the

medical advice of his treating physicians. Tr. 28. West had been advised multiple times to stop

abusing alcohol due to his hepatitis and to stop smoking. Id. The ALJ primarily relied on Dr.

Anderson's assessment that West would have moderate difficulties in concentration, persistence,

or pace if he stopped abusing substances, and thus would not meet listing 12.09(D). Tr. 25. The

ALJ also relied on a report from Dr. Paul Rethinger that affirmed Dr. Anderson's assessment.

Id. West argues that it is not clear that he would be able to engage in substantial gainful activity

if he stopped abusing alcohol. Pl.'s Br. 25. West points out that neither Dr. Anderson nor Dr.

Rethinger "clearly" states that West could work if he stopped abusing alcohol. Pl.'s Br. 25. To

the contrary, as noted previously, Dr. Anderson stated that West "clearly can sustain a job" despite his daily drinking and if he stopped using drugs.  Tr. 399.

### 3.    Work-Related Activities

The ALJ noted West's own reports of work-related activities.  Tr. 19.  Here the ALJ cited West's report that in May 2005 he worked for a real estate company digging posts and hanging signs and that in November 2008, he was helping remodel an apartment building.  Tr. 28.  The ALJ concluded that West's activities supported a finding that he was not credible with respect to his subjective complaints.  Tr. 21.

The ALJ may cite a claimant's activities of daily living in his credibility analysis, Smolen, 80 F.3d at 1284, and may cite such activities in finding them inconsistent with a claimant's allegation of total disability.  Batson, 359 F.3d at 1196.  The record reflects the ALJ's findings regarding West's report of his work-related activities.  Tr. 787, 1103.  This court must defer to an ALJ's interpretation of a claimant's daily activities, even where other interpretations more favorable to the claimant may arise.  Rollins v. Massinari, 261 F.3d 853, 857 (9th Cir. 2001).  This finding is therefore affirmed.

### C.    Credibility Conclusion

In summary, the ALJ's citation to West's medical reports, failure to follow medical advice, and work-related activities are based upon the record and appropriate legal standards.  This court may affirm an ALJ's overall credibility conclusion when not all of the ALJ's reasons are upheld.  Batson, 359 F.3d at 1197.  The ALJ's credibility conclusion is therefore affirmed.

## II.    Step Three:  Meeting or Equaling Listings 1.04, 12.06, and 12.08

West alleges that the ALJ erred by finding that his back impairment did not meet or equal Listing 1.04 Disorders of the Spine and that his remaining limitations would not meet or equal

Listing 12.06 for Anxiety Disorders and Listing 12.08 for Personality Disorders if he stopped abusing substances.

**A.    Listing 1.04**

The ALJ found that West's back impairment did not meet Listing 1.04 Disorders of the Spine.  Tr. 25.  West had back surgery two months prior to the hearing to relieve the back pain. Tr. 22, Pl.'s Br. 26.  The ALJ noted that there was no evidence of nerve root compression, no spinal arachnoiditis, and no lumbar spinal stenosis.  Id.  West argues that the ALJ erred by not considering whether his back impairment equaled Listing 1.04.  Although the ALJ did not specifically state that West did not equal Listing 1.04, the ALJ did state that West did not meet or equal *any* listed impairment.  Tr. 25.

Medical equivalence will be found "if the medical findings are at least equal in severity and duration to the listed findings."  20 C.F.R. § 404.1526.  "Equivalence is determined on the basis of a comparison between the symptoms, signs and laboratory findings about the claimant's impairment *as evidenced by the medical records* with the medical criteria shown with the listed impairment."  Marcia v. Sullivan, 900 F.2d 172, 175-176 (9th Cir. 1990) (quotation omitted) (emphasis added).  Listing 1.04 requires

> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
> B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
> C.  Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.  In support of his equivalence argument, West states that he was prescribed a cane after the surgery, that he was experiencing constant back pain at a level of 6.5 out of 10—with 10 being the most painful, and that he needed to lie down two to three times a day for 30 minutes at a time due to fatigue.  Tr. 49-51.  This evidence is insufficient because West has not presented any *medical records* that would support an equivalency finding.  See Marcia, 900 F.2d at 175.  Even assuming *arguendo* that the ALJ could consider subjective testimony, West's pain and fatigue testimony was discredited by the ALJ.  Tr. 27.  In contrast, a post-surgery report states that West's nerve roots were "well decompressed at the end of the procedure".  Tr. 1348.  Although not quoted in the opinion, the ALJ cited to these post-surgery findings.

### B.    Listings 12.06 and 12.08

West further argues that he meets Listings 12.06 Anxiety Disorders and 12.08 Personality Disorders even if he were to stop abusing substances.  Pl.'s Br. 27.  Under the Social Security Act, an "individual shall not be considered to be disabled for purposes of [SSI or DIB benefits] if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).  If the Commissioner finds that a claimant is disabled and the Commissioner has medical evidence of the claimant's drug addiction or alcoholism, the Commissioner must determine whether the claimant's "drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535(a), 416.935(a).

The proper drug and alcohol analysis by the ALJ in a case where the claimant has alcohol or drug addiction issues requires the court to first conduct the five-step sequential evaluation "without separating out the impact of alcoholism or drug addiction."  Bustamante v. Massanari,

262 F.3d 949, 955 (9th Cir. 2001).  If the ALJ determines that the claimant is not disabled, the claimant is not entitled to benefits and no further analysis is necessary.  Id.  If, considering the impact of the relevant addiction, the ALJ determines that the claimant is disabled, and there is medical evidence of drug or alcohol addiction, then the ALJ should proceed under 20 C.F.R. §§ 404.1535 or 416.935, to determine if the claimant "would still be found disabled if he or she stopped using alcohol or drugs."  Id. (internal quotation and brackets omitted).

West's argument primarily relies on error in the ALJ's credibility finding.  Pl.'s Br. 27.  As discussed previously, I affirmed the ALJ's credibility finding.  Regardless, West still insists that he would experience marked difficulties in concentration, persistence, or pace even if he were to stop abusing substances.  Pl.'s Br. 27.  West also states that he had stopped abusing substances and remained disabled.[2]  Pl.'s Reply 8.  Yet West contradicts himself when he later argues that "it is impossible to substantiate a conclusion as to what [West] could do if he were to stop drinking."  Pl.'s Br. 31.  "The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability."  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).  West does not cite any evidence to support his argument that he would still be disabled regardless of the substance abuse.  West's conclusory and contradictory statements are insufficient to meet his burden.

### C.    Conclusion

The ALJ's findings at step three were supported by substantial evidence.  West has not shown that the ALJ erred in finding that West did not meet or equal Listings 1.04, 12.06, and 12.08.

///

---

[2] West testified at the hearing in April 2009 that he had been drug free for the past two years with only one relapse and that he has not had a drink for eight months.  Tr. 51-52, 54.  Prior to that, he had been sober for seven months.  Tr. 54.

III.     **Duty to Develop the Record**

West asserts that the ALJ failed to develop the record with respect to his back impairment. Pl.'s Br. 28-30. Specifically, West argues that nothing in the record contradicts his testimony about his back pain and that the ALJ erroneously relied on evidence from two years prior to his back surgery. West believes that the ALJ should have ordered a consultive medical examination to assess West's post-surgery allegations of back pain.

A.     **Standard**

A claimant has the duty to prove that he is disabled. See 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001).

B.     **Analysis**

The basis for West's argument is his subjective testimony at the hearing regarding his back pain. Pl.'s Br. 28. As discussed previously, the ALJ has already properly discredited this testimony. Without this testimony, there is no ambiguous evidence regarding West's back pain and the record was adequate for a proper evaluation of the evidence. The ALJ did not have a duty to order a consultive exam.

IV.     **Errors in RFC and Step Five**

West alleges error in his RFC based on his testimony regarding his back pain, the impossibility of concluding whether West could work if he were to stop abusing substances, and his inability to sustain a normal work pace. Pl.'s Br. 31-32. As explained in section I, I have

already found that the ALJ's credibility determination was proper and that substantial evidence

supports the ALJ's determination that absent substance abuse, West was not disabled.

    As for West's inability to sustain a normal work pace, West cites to Dr. Anderson's

assessment that West would have moderate difficulties in maintaining concentration, persistence,

or pace if he stopped abusing substances.  Tr. 393.  The ALJ relied on Dr. Anderson's report in

formulating West's RFC and added the limitation of routine tasks with short and simple

instructions.  Tr. 26.  There is no disagreement between the ALJ and West, as they both rely on

Dr. Anderson's assessment.  West inexplicably desires a more restrictive limitation.  The ALJ's

RFC finding is supported by substantial evidence in the record.

    Finally, West's argument of error at step five stems from the vocational expert ("VE")

testimony that relied on the allegedly erroneous RFC.  The ALJ's RFC finding was correct, and

thus there is no basis for West's argument.

## CONCLUSION

    Based on the foregoing, this Court affirms the Commissioner's final decision.

    IT IS SO ORDERED.

        Dated this __15th_____ day of February, 2012


                 /s/ Marco A. Hernandez
                MARCO A. HERNANDEZ
                United States District Judge